IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JAMES DENNIS LENIHAN, III,<br><br>Defendant/Movant. | Cause No. CR 05-150-GF-BMM<br>CV 16-074-GF-BMM<br><br>ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant Lenihan's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Lenihan is a federal prisoner proceeding with counsel. The Court conducted a hearing on Lenihan's motion on November 1, 2017. (Doc. 107.) Counsel argued on behalf of Lenihan and the United States.

## I. Background

A jury convicted Lenihan on April 12, 2006, of carjacking, a violation of 18

1

U.S.C. §§ 2119(1) and (2) (Count 1); brandishing a firearm during and in relation to carjacking, a violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, a violation of 18 U.S.C. § 922(g)(9) (Count 3). Indictment (Doc. 1 at 2); Verdict (Doc. 57 at 1-2); Jury Instrs. (Doc. 60 at 21.) The Court sentenced Lenihan on August 24, 2006, to serve 96 months on Counts 1 and 3, to run concurrently, and a consecutive term of 84 months on Count 2. Minutes (Doc. 70); Judgment (Doc. 72 at 2-3.) The Ninth Circuit affirmed Lenihan's conviction and sentence on May 30, 2007. *See* Mem. (Doc. 91-1 at 3), *United States v. Lenihan*, No. 06-30488 (9th Cir. May 30, 2007).

Lenihan now seeks relief under the United States Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). *See also Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson* applies to cases already final when it was issued).

## II. Procedural Defenses

The United States's procedural defenses, *see* Resp. to § 2255 Mot. (Doc. 100 at 10-17), stand or fall with the same question as the merits of the § 2255 motion—i.e., whether *Johnson* applies to Lenihan's motion. If *Johnson* does not support relief, the United States does not need to rely on its procedural defenses. The question is whether *Johnson* supports relief for Lenihan.

### III.  18 U.S.C. § 924(e)

The Supreme Court in *Johnson* considered the meaning of a provision in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA imposes a harsher sentence on a person convicted of a firearms offense if the person has three prior convictions for a violent felony or controlled substance offense. The Act defines a "violent felony" as a felony that includes the following:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). *Johnson* discussed only the italicized clause, commonly called the "residual" clause.

The Supreme Court determined the residual clause to be vague to the extent that it deprived defendants of fair notice of the consequences of their decisions and so loose that it invited arbitrary enforcement by sentencing judges. Federal sentencing courts may no longer enhance a defendant's sentence based on a prior conviction when that conviction qualifies as a "violent felony" only under the residual clause. *See Johnson*, 135 U.S. at 2555-60, 2563. *Johnson* did not address either subsection (i), or the first line of subsection (ii) in § 924(e)(2)(B). Those provisions remain valid law.

### IV.  18 U.S.C. § 924(c)

Lenihan challenges his conviction under 18 U.S.C. § 924(c)(1)(A) and (ii) for using or carrying and brandishing a firearm during and in relation to a "crime of violence." He seeks to apply the reasoning of *Johnson* regarding the ACCA to a "crime of violence" as used in the statute. The definition of a "crime of violence" in § 924(c)(3) differs from the definition of a "violent felony" in § 924(e)(2)(B):

> (3) For purposes of this subsection [§ 924(c)] the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Lenihan asks the Court to assume that the residual clause in § 924(c)(3)(***B***) suffers from the same unconstitutional vagueness identified in *Johnson* that invalidated the residual clause. Lenihan's conviction and sentence under § 924(c) would still be valid, however, if the "crime of violence" underlying Count 2 "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(***A***).

## V. Carjacking

Carjacking under 18 U.S.C. § 2119(1) requires the United States to prove that the defendant used "force and violence or intimidation" to take a motor vehicle

4

and, at the moment of the taking, intended to cause death or serious bodily injury to another if necessary to accomplish the taking.[1] *See Holloway v. United States*, 526 U.S. 1, 11-12 (1999). Carjacking constitutes a "crime of violence" under the elements clause of § 924(c)(3)(A).

"Physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person," as opposed to the common-law definition of force that included mere offensive touching. *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). "Use" of physical force requires an intentional act, as opposed to a negligent one, *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004), or even a reckless one, *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129-32 (9th Cir. 2006) (en banc).

The Ninth Circuit in *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016), recently excluded involuntary manslaughter from the crime of violence category. The Ninth Circuit determined that involuntary manslaughter, defined as murder without malice, failed to qualify as a crime of violence because it requires only a showing of gross negligence.

From the plain language of the carjacking statute, it is clear that "force and violence" differs from "intimidation." It is also clear that a crime qualifies as a "crime of violence" only if it necessarily requires the United States to prove that

---

[1] The prosecution must also prove an interstate commerce element.

the defendant used or attempted or threatened to use physical "force." The reference to "intimidation" in contrast to "force" does not automatically negate *any* component of force *in* intimidation.

The Ninth Circuit in *United States v. Harrison*, 585 F.3d 1155 (9th Cir. 2009), interpreted a different statute's reference to both force and intimidation, *see* 18 U.S.C. § 111(a), to indicate that intimidation does not involve a *use* of force. *See* 585 F.3d at 1160. As a result, a jury instruction that mentioned intimidation without mentioning force produced the unacceptable possibility that the defendant could be convicted "for no more than purposefully standing in a way that emphasized his size and strength." *Id.* The statute at issue in *Harrison* required that the defendant "*forcibly . . . intimidate*[]" a federal officer or employee, 18 U.S.C. § 111(a) (emphasis added). As a result, the court determined that purposefully standing in a physically intimidating stance was not sufficient to support a conviction.

By contrast, under the carjacking statute, purposefully standing in a way that emphasizes size and strength could suffice to prove the offense, provided it is the means by which a defendant "takes" a motor vehicle "from the person or presence of another." And intimidation facilitates a taking when it is perceived as a threat to use physical force. A victim's perception of a threat does not always mean the defendant made a threat, but the carjacking statute applies when a defendant

6

"takes" a motor vehicle "*by* force and violence or *by* intimidation." 18 U.S.C. § 2119 (emphases added). The statute requires proof, in other words, of goal-driven behavior by the defendant, be it a deployment of force or violence or intimidation. Only if "intimidation" could include a threat to inflict economic or reputational injury might one violate § 2119 by means that exclude physical force. The Court has found no case interpreting "intimidation" that broadly.

Lenihan argues, correctly, that specific intent is not required. *See* Mot. § 2255 (Doc. 98 at 14.) The statute requires general intent. Under § 2119, the prosecution must introduce evidence from which a reasonable juror may infer that the defendant *used* intimidation. *See United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir. 1993), *cited in* Mot. § 2255 at 14. To borrow an example from *Leocal*, a person can be said to "'use . . . physical force against' another when pushing him," regardless of whether he specifically intends to push the other person or simply seeks to move him out of the path to the cookie jar. *Leocal*, 543 U.S. at 9. Likewise, "the threat implicit in a written or verbal demand for money is sufficient evidence to support the jury's finding of intimidation." *United States v. Nash*, 946 F.2d 679, 681 (9th Cir. 1991), *cited in Foppe*, 993 F.2d at 1451. This result applies "whether or not the defendant actually intended the intimidation." *United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996), *cited in* Mot. § 2255 (Doc. 98 at 14.)

Moreover, even using force and violence or intimidation to take a vehicle

does not prove carjacking. The prosecution also must demonstrate something that supports a finding beyond reasonable doubt that the defendant intends to inflict death or serious bodily injury if necessary to accomplish the taking. It is correct to say, as Lenihan does, that this intent need not be communicated to victims or bystanders, but the requirement to prove it adds a significant degree of purpose to a defendant's use of force and violence or intimidation.

If "intimidation" could include a threat to inflict mere economic or reputational injury, one might violate § 2119 by means that exclude physical force. Lenihan points to no decision construing "intimidation" so broadly, and the Court is aware of none. Therefore, under § 2119, regardless of whether the defendant takes the vehicle "by force and violence, or by intimidation," the crime of carjacking necessarily contains, as an element, the use, attempted use, or threatened use of physical force against the person or property of another. Even assuming *Johnson* invalidates the residual clause, 18 U.S.C. § 924(c)(3)(B), carjacking in violation of § 2119 qualifies as a "crime of violence" under the force clause of § 924(c)(3)(A).

The Ninth Circuit has not yet considered this issue. Other circuits have determined, after *Johnson*, that carjacking qualifies as a crime of violence under § 924(c)(3)(A). *See, e.g.*, *United States v. Jones*, 854 F.3d 737, 739-41 (5th Cir. 2017), *pet. for cert. filed*, No. 17-5285 (U.S. July 17, 2017); *United States v.*

*Evans*, 848 F.3d 242, 246-48 (4th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016). The Court is not aware of any holding to the contrary.

## VI. Conclusion

Carjacking, "by its nature, involves a substantial risk that physical force against the person or property of another may be used." 18 U.S.C. § 924(c)(3)(B). *Johnson* invalidation of the residual clause of § 924(c)(3)(***B***), fails to undermine Lenihan's conviction for using or carrying and brandishing a firearm during and in relation to a "crime of violence." Whether committed "by force and violence" or only "by intimidation," carjacking necessarily requires the United States to prove, as an element, the use, attempted use, or threatened use of physical force. 18 U.S.C. § 2119. Therefore, it meets the elements clause of 18 U.S.C. § 924(c)(3)(***A***).

## VII. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

Although every federal appellate court to date has held that carjacking is a crime of violence under § 924(c), the argument that it is not a crime of violence is not unreasonable. "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338. Reasonable jurists might find, first, that carjacking as defined by 18 U.S.C. § 2119 does not meet the force clause of 18 U.S.C. § 924(c)(3)(A); and second, that the residual clause, § 924(c)(3)(B), is unconstitutionally vague under *Johnson*. A COA will be granted on those issues.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Lenihan's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 98) is DENIED;

2. A certificate of appealability is GRANTED on two issues:

    a.    whether carjacking in violation of 18 U.S.C. § 2119 constitutes a "crime of violence" under § 924(c)(3)(A); and

    b.    whether the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

A COA is DENIED on all other issues. The clerk shall immediately process

the appeal if Lenihan files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-74-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Lenihan.

DATED this 28th day of November, 2017.

/s/ Brian Morris
Brian Morris
United States District Court Judge