IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DENNIS LENIHAN, III,<br><br>Defendant. | CR 05-150-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant James Dennis Lenihan, III (Lenihan) has been accused of violating the conditions of his supervised release. Lenihan admitted all of the alleged violations. Lenihan's supervised release should be revoked. Lenihan should be placed in custody for 4 months, with 56 months of supervised release to follow. Lenihan should serve the first 60 days of supervised release in a secure inpatient drug treatment facility. Lenihan should serve the following 90 days of supervised release subject to home confinement. Lenihan should be required to maintain full-time employment (at least 40 hours per week) while on supervised release.

## II. Status

Lenihan was found guilty of Carjacking, Using a Firearm During a Crime of

Violence, and Possession of a Firearm by a Person Convicted of a Misdemeanor Crime of Domestic Violence on April 12, 2006, following a jury trial. (Doc. 57). The Court sentenced Lenihan to 96 months of custody, followed by 5 years of supervised release. (Doc. 72). Lenihan's current term of supervised release began on January 13, 2022. (Doc. 134 at 1).

**Petition**

The United States Probation Office filed a Second Amended Petition on November 2, 2022, requesting that the Court revoke Lenihan's supervised release. (Doc. 134). The Second Amended Petition alleged that Lenihan had violated the conditions of his supervised release: 1) by using methamphetamine and marijuana on six separate occasions; 2) by consuming alcohol; 3) by using marijuana; 4) by failing to report for substance abuse testing; 5) by failing to maintain full-time employment; and 6) by failing to follow the instructions of his probation officer.

**Initial appearance**

Lenihan appeared before the undersigned for his initial appearance on the Second Amended Petition on November 28, 2022. Lenihan was represented by counsel. Lenihan stated that he had read the petition and that he understood the allegations. Lenihan waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on November 28, 2022. Lenihan admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine and marijuana on six separate occasions; 2) by consuming alcohol; 3) by using marijuana; 4) by failing to report for substance abuse testing; 5) by failing to maintain full-time employment; and 6) by failing to follow the instructions of his probation officer. The violations are serious and warrant revocation of Lenihan's supervised release.

Lenihan's violations are Grade C violations. Lenihan's criminal history category is IV. Lenihan's underlying offenses are Class C and D felonies. Lenihan could be incarcerated for up to 60 months. Lenihan could be ordered to remain on supervised release for up to 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III.  Analysis

Lenihan's supervised release should be revoked. Lenihan should be incarcerated for 4 months, with 56 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Lenihan should serve the first 60 days of supervised release in a secure inpatient drug treatment facility.

Lenihan should serve the following 90 days of supervised release subject to home confinement. Lenihan should be required to maintain full-time employment (at least 40 hours per week) while on supervised release.

## IV.  Conclusion

The Court informed Lenihan that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Lenihan of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Lenihan that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That James Dennis Lenihan, III violated the conditions of his supervised release: by using methamphetamine and marijuana on six separate occasions; by consuming alcohol; by using marijuana; by failing to report for substance abuse testing; by failing to maintain full-time employment; and by failing to follow the instructions of his probation officer.

The Court **RECOMMENDS:**

> That the District Court revoke Lenihan's supervised release and commit Lenihan to the custody of the United States Bureau of Prisons for 4 months, with 56 months of supervised release to follow. Lenihan should serve the first 60 days of supervised release in a secure inpatient drug treatment facility. Lenihan should serve the following 90 days of supervised release subject to home confinement. Lenihan should be required to maintain full-time employment (at least 40 hours per week) while on supervised release.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 29th day of November, 2022.

John Johnston
United States Magistrate Judge